UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEPONSET LANDING CORPORATION, ) | |
| ) | |
| Plaintiff/Defendant-in-Counterclaim, ) | |
| ) | |
| v. ) | |
| ) | |
| THE NORTHWESTERN MUTUAL LIFE ) | CIVIL ACTION |
| INSURANCE COMPANY, ) | NO. 10-11963-JGD |
| ) | |
| Defendant/Plaintiff-in-Counterclaim, ) | |
| ) | |
| v. ) | |
| ) | |
| TERENCE CONROY, SR., ) | |
| ) | |
| Additional Defendant-in-Counterclaim. ) | |

**MEMORANDUM OF DECISION AND ORDER
ON PLAINTIFF'S MOTION TO PRECLUDE**

December 20, 2011

DEIN, U.S.M.J.

## I. INTRODUCTION

This matter is before the court on the Plaintiff's Motion to Preclude Testimony and Evidence (Docket No. 36). By this motion, the plaintiff, Neponset Landing Corporation ("Neponset"), is seeking to preclude the defendant, The Northwestern Mutual Life Insurance Company ("NML"), from introducing any evidence on itemized subjects due to NML's alleged failure to appropriately prepare its 30(b)(6) designee to address those topics at her deposition. For the reasons detailed herein, the motion is DENIED.

However, NML shall provide additional witnesses responsive to the 30(b)(6) deposition notice as detailed herein.

## II. DISCUSSION

Defendant's 30(b)(6) designee, Robin Smith, provided substantive testimony on 30 of the 36 topics identified by the plaintiff in its deposition notice. Not only was Ms. Smith the corporate representative with the most personal information about most of the designated topics, but she also prepared for the deposition by reviewing the documents and exhibits that have been filed in this hotly contested litigation. This was not a situation where the defendant's conduct was "tantamount to a complete failure of the corporation to appear" at its deposition. See Berwind Prop. Group, Inc. v. Envtl. Mgmt. Group, Inc., 233 F.R.D. 62, 65 (D. Mass. 2005) (internal punctuation omitted) (while corporation should have done a better job preparing a witness, his failure or inability to testify fully did not warrant sanctions). Accordingly, there is no adequate basis for imposing the very severe sanction of precluding NML from introducing evidence at trial.

NML indicated in its response to the 30(b)(6) notice that other individuals could be produced to testify concerning the topics listed in paragraphs 13(a) and 28 if it appeared that the designated individual had insufficient knowledge. As the Rule itself provides, it is entirely appropriate for a corporation to designate more than one witness in response to a 30(b)(6) deposition notice. Since the defendant produced a witness with considerable knowledge about most of the topics listed in the deposition notice, in the instant case this court does not find it sanctionable that the defendant waited until after

the deposition had been taken to see if additional witnesses were necessary. See Tequila Centinela, S.A. de C.V. v. Bacardi & Co. Ltd., 242 F.R.D. 1, 5 (D.D.C. 2007) ("the designating party has a duty to substitute an appropriate deponent when it becomes apparent that the previous deponent is unable to respond to certain relevant areas of inquiry"). "The underlying purpose of Rule 30(b)(6) is to prevent 'bandying,' the practice in which people are deposed in turn but each disclaims knowledge of the facts that are clearly known to persons in the organization and thereby to the organization itself." Id. (internal quotations omitted). There does not appear to be any risk of such inappropriate conduct here, and the plaintiff has not established that NML acted with any intent to deprive Neponset of the requested information. Thus, as detailed below, this court will order NML to produce additional individuals to complete its corporate testimony on the subjects identified in paragraphs 13(a) and 28 of the deposition notice. Since the existence of these witnesses was previously disclosed, and it is appropriate for more than one witness to be identified in response to a 30(b)(6) deposition notice, each party shall bear its own expenses in connection with these depositions.

Paragraph 32 of the deposition notice, by which Neponset is seeking "[t]he basis of NML's affirmative defenses as alleged in NML's Amended Answer and Counterclaim," is more problematic. None of the defenses listed in the Amended Answer is labeled "affirmative defenses." The defenses asserted include, without limitation, a claim that the "Complaint is barred by the doctrines of waiver, release, accord and satisfaction, failure of consideration, unclean hands, laches and/or equitable estoppel

barring recovery from NM." (Fourth Defense). While asking a 30(b)(6) witness about facts is entirely appropriate, the lay witness should not be expected to testify as to how any such facts form the basis of a legal affirmative defense. "[D]epositions, including 30(b)(6) depositions, are designed to discover facts, not . . . legal theories[.]" JPMorgan Chase Bank v. Liberty Mut. Ins. Co., 209 F.R.D. 361, 362 (S.D.N.Y. 2002). To the extent that Neponset was seeking a witness to testify about facts relevant to the case, such requests were detailed in other paragraphs of the deposition notice which are not at issue here. No further witness on this category is required.

Paragraphs 31, 33 and 34 seek information about the amount of damages being sought by NML. While Ms. Smith testified about some of the amounts being sought, such as the claim for $49,000 in rent, it does not seem that she was prepared to provide all the facts which would be responsive to these categories.[1] NML contends that if further deposition testimony is required on this subject, it would prepare Ms. Smith for these topics and have her deposed. This is an appropriate remedy in this court's view. Moreover, since it does not appear that any great amount of time was "wasted" at the first deposition due to Ms. Smith's failure to be prepared to testify on these limited subjects, as a sanction NML shall pay plaintiff's counsel for 1 hour of his hourly rate. See Calzaturficio S.C.A.R.P.A. S.P.A. v. Fabiano Shoe Co., Inc., 201 F.R.D. 33, 41 (D. Mass. 2001) (where a witness is not adequately prepared for a 30(b)(6) deposition,

---

[1] The court expresses no opinion as to whether other witnesses, such as the property manager, have provided the requested information.

"[a]mong the other remedies, the Court can require the corporation to re-designate its witnesses and mandate their preparation for re-deposition at the corporation's expense.") (citation omitted).

Neponset objects to the fact that NML did not move for a protective order when it obtained the deposition notice, but instead filed objections which are not expressly provided for in the Rules. See N.E. Carpenters Health v. First DataBank, 242 F.R.D. 164, 165-66 (D. Mass. 2007). It does not appear that NML wanted a protective order in this case. NML was not seeking to preclude the deposition — rather, it was producing the individual it expected to have the most corporate knowledge about the designated topics. While under some circumstances a protective order may have been the appropriate procedure, this court will not fault NML for preserving its objections to certain topics, producing a witness who addressed the large majority of designated topics without objection, and waiting until after the deposition to see if any remaining issues could be resolved without court intervention.

Finally, the plaintiff's request for attorneys' fees is denied. This court does not tolerate flaunting of the rules, but, in this court's view, that is not the situation here. Moreover, while plaintiff's counsel contends that he attempted to confer with defense counsel and was rebuffed, it appears that the attempt was appropriately perceived by defense counsel to be an attempt to discuss the sanction being sought, not an attempt to discuss whether other witnesses should be deposed. Discussions about the need for

additional witnesses should have taken place promptly after the deposition was concluded, not after discovery was closed. No additional sanctions are warranted here.

## ORDER

For the reasons detailed herein, Plaintiff's Motion to Preclude Testimony and Evidence (Docket No. 36) is DENIED. Defendant is to produce additional witness(es) to testify on the topics designated in paragraphs 13(a), 28, 31, 33 and 34 of the 30(b)(6) deposition notice. In addition, defendant is to pay plaintiff's counsel for one (1) hour of plaintiff's counsel time at his usual hourly rate. The depositions shall be completed within thirty (30) days of the date of this order.

    / s / Judith Gail Dein
Judith Gail Dein
U.S. Magistrate Judge