UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NEPONSET LANDING CORPORATION,   )
   )
   Plaintiff/Defendant-in-Counterclaim,   )
   )
v.   )
   )
THE NORTHWESTERN MUTUAL LIFE   )   CIVIL ACTION
INSURANCE COMPANY,   )   NO. 10-11963-JGD
   )
   Defendant/Plaintiff-in-Counterclaim,   )
   )
v.   )
   )
TERENCE CONROY, SR.,   )
   )
   Additional Defendant-in-Counterclaim.   )

**MEMORANDUM OF DECISION AND ORDER**
**ON DEFENDANT'S MOTION TO AMEND JUDGMENT**

July 18, 2013

DEIN, U.S.M.J.

## I.  INTRODUCTION

This matter is before the court on the "Defendant's Motion to Amend Judgment

with Respect to the Calculation of Pre-Judgment Interest" (Docket No. 116).  Pursuant to

this motion, the defendant, Northwestern Mutual Life Insurance Company ("NM"), is

seeking an order amending its Judgment against Neponset Landing Corporation and

Terence Conroy, Sr. (collectively, "Neponset") so that pre-judgment interest shall

commence on the date of defendant's January 16, 2008 demand for payment of real estate

taxes (trial exhibit 33) instead of on the date it filed its counterclaim seeking payment, *i.e.*, March 21, 2011.  For the reasons detailed herein, the motion is ALLOWED.  An Amended Judgment shall be entered increasing the amount of pre-judgment interest to $54,261.77, for a total judgment in the amount of $138,466.89.

## II.  DISCUSSION

Pursuant to Mass. Gen. Laws ch. 231, § 6C, in a contract action pre-judgment interest shall be calculated "from the date of the breach or demand."  However, "[i]f the date of the breach or demand is not established," interest is to be added "from the date of the commencement of the action[.]"  Id.  As a general statement, "[e]stablishing the date of breach or demand is a determination for the trier of fact, and, where trial has proceeded before a jury, neither the judge nor an appellate court can make such a determination."  Deerskin Trading Post, Inc. v. Spencer Press, Inc., 398 Mass. 118, 125, 495 N.E.2d 303, 308 (1986).  Nevertheless, "a date of breach [or demand] can be established by agreement of the parties[.]"  Saint-Gobain Indus. Ceramics Inc. v. Wellons, Inc., 246 F.3d 64, 70 (1st Cir. 2001).  Moreover, a party has "no obligation to establish a fact already admitted."  Analysis Group, Inc. v. Cent. Fla. Invs., Inc., 629 F.3d 18, 24 (1st Cir. 2010).

In the instant case, trial exhibit 33 is an email from NM's representative to Neponset's representative enclosing a tax bill and asserting that Neponset (as "seller") "owes an additional $84,205.12 based on the most recent tax bill."  This is sufficient to constitute a "demand" under Mass. Gen. Laws ch. 231, § 6C since it informs Neponset

"of the basis and extent of its obligation, as well as the fact that performance is then due." Gen. Dynamics Corp. v. Fed. Pac. Elec. Co., 20 Mass. App. Ct. 677, 687, 482 N.E.2d 824, 830 (1985) (internal quotation and punctuation omitted).  While Neponset denied that it owed any real estate taxes, the authenticity and receipt of exhibit 33 was not disputed at trial.  Therefore, for purposes of Mass. Gen. Laws ch. 231, § 6C, the date of demand has been established.  See Analysis Group, Inc., 629 F.3d at 24 (where in its answer defendant admitted that the plaintiff had submitted an invoice, but denied that plaintiff was entitled to payment, the date of demand was admitted for purposes of calculating pre-judgment interest).

Finally, the award of pre-judgment interest from January 16, 2008 through the date of the verdict on May 29, 2013 is consistent with the "basic purpose" of ch. 231, § 6C, "which [is] to compensate a damaged party for the loss of use or unlawful detention of money."  Saint-Gobain Indus. Ceramics, Inc., 246 F.3d at 72 (internal quotation omitted). Since the jury found that Neponset should have paid the taxes, NM should recover for the loss of use of the funds beginning from the date when the money was due.

### III.  ORDER

For all the reasons detailed herein, "Defendant's Motion to Amend Judgment with Respect to the Calculation of Pre-Judgment Interest" (Docket No. 116) is ALLOWED.

    / s / Judith Gail Dein
    Judith Gail Dein
    U.S. Magistrate Judge